1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**ROCHE FREEDMAN LLP**
Brianna K. Pierce (CA Bar No. 336906)
Velvel (Devin) Freedman (*pro hac vice*)
Constantine P. Economides (*pro hac vice*)
1 Se 3rd Avenue, Suite 1240
Miami, Florida 33131
Telephone: (305) 971-5943
Emails: bpierce@rochefreedman.com
          vel@rochefreedman.com
          ceconomides@rochefreedman.com

*Attorneys For Defendants JPay LLC (f/k/a JPay, Inc.)*
*and Praxell, Inc.*

**SQUIRE PATTON BOGGS (US) LLP**
Gabriel Colwell (CA Bar. No. 216783)
Keith Bradley (*pro hac vice*)
555 South Flower Street, 31st Floor
Los Angeles, California 90071
Telephone:(213) 689-5126
Emails: Gabriel.colwell@squirepb.com
          keith.bradley@squirepb.com

*Attorneys For Defendants JPay LLC (f/k/a JPay, Inc.)*
*and Metropolitan Commercial Bank*

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADAM CAIN, individually and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br>JPAY, INC.; METROPOLITAN COMMERCIAL BANK; and PRAXELL INC.,<br><br>    Defendants, | Case No.: 2:21-cv-07401-FLA-AGR<br><br>**DEFENDANTS' REPLY IN SUPPORT OF MOTION TO STAY PROCEEDINGS**<br><br>CLASS ACTION<br>Judge:   Fernando L. Aenlle-Rocha<br>Date:    April 1, 2022<br>Time:    1:30 p.m.<br>Place:   Courtroom 6B, 6th Floor |

Plaintiff's Response to Defendants' Joint Motion to Stay Proceedings ("Response" or "Resp.") offers no legitimate reason to refuse a stay pending resolution of Defendants' motion to compel arbitration. Plaintiff does not contend he should be allowed to take discovery regarding class certification at this point; he evidently recognizes that a stay would be the normal next step here. Yet he proposes a novel process of "half" discovery: the parties would conduct discovery as though they were before an arbitrator, and the Court would supervise this process using an undetermined set of arbitration discovery rules. Plaintiff's proposal would be more burdensome for the Court, not less.

First, Plaintiff cites no authority supporting his novel proposal to make the Court into a quasi-arbitrator and does not address the factors that, under the applicable precedents, should guide the Court's decision to stay the case. *See* ECF No. 75. Courts balance a party's right to arbitration against the general interest in swift resolution of a claim. "[C]ourts in this Circuit routinely grant motions to stay discovery under similar circumstances."[1] *See, e.g., Galaxia Elecs. Co., Ltd. v. Luxmax, U.S.A.*, No. LA CV16-05144 JAK (GJSx), 2017 WL 11566394, at *2 (C.D. Cal. Dec. 28, 2017) ("If the motion to compel arbitration is granted, responsibility for the conduct of discovery will lie with the arbitrators. Accordingly, staying discovery in this action until it is determined whether this dispute is arbitrable furthers the goals of efficiency for the courts and litigants." (cleaned up)).

Second, Plaintiff incorrectly asserts that there is "a reasonable middle ground that avoids the expenses associated with unbridled discovery while still recognizing that the Federal Rules are ultimately designed to ensure a 'just, speedy, and inexpensive determination of every action.'" Resp. at 1:20-2:2 (citing Fed. R. Civ. P. 1). If the parties have a contractual right to arbitrate, then the Federal Rules do not

---

[1] Unless otherwise noted, internal citations are omitted and emphasis is added.

DEFENDANTS' REPLY TO JOINT MOTION TO STAY PROCEEDINGS
CASE NO.: 2:21-cv-07401-FLA-AGR

apply. Furthermore, it is not just, speedy, or inexpensive for the parties to conduct discovery pursuant to the Federal Rules prior to a determination of whether this litigation will proceed in federal court under those rules.[2]

Third, Plaintiff's specific proposal is flawed. Plaintiff proposes that "the parties should: (1) proceed to meet and confer as required by Federal Rule 26(f); (2) provide initial disclosures as required under Federal Rule 26(a)(1)(A); and (3) produce those documents identified under Federal Rule 26(1)(A)(ii)." Resp. at 2:3-6. But initial disclosures and productions under Rule 26 are part of federal litigation, **not** arbitration. Therefore, the parties would undertake time-consuming tasks that may be futile if arbitration is compelled. Alternatively, if the Court declines to compel arbitration, the parties can timely complete those same tasks under the Federal Rules, with no prejudice to the parties.

Fourth, Plaintiff's suggestion regarding document productions—*i.e.*, "[i]f the document request seeks material that would also be disclosed in arbitration, then it may be requested now" (*see* Resp. at 2:12-14)—is another inefficient, unworkable curtailment of Defendants' right to arbitrate. Until an arbitrator is appointed, there is no determination of the materials that would be disclosed in arbitration. Indeed, the parties do not yet know which arbitration rules would apply under the Arbitration Provision: Judicial Arbitration Mediation Services (JAMS) rules or the American Arbitration Association (AAA) rules.[3] Moreover, Plaintiff's concept would drag the parties and the Court into time-consuming, unproductive disputes. How would the parties determine whether a discovery request is valid on the ground that the "material

---

[2] Plaintiff's assertion that these possibly extraneous tasks are not "time consuming or expensive" is misplaced. Defendants are larger corporate entities that are positioned differently than Plaintiff, a single natural person.

[3] Under the Arbitration Provision, the party electing to use arbitration can choose either JAMS or AAA arbitration. The other party can then reject the choice and choose the other arbitration organization. *See* Cardholder Agreement, § 31, ECF No. 52-1 at 13 of 23.

. . . would also be disclosed in arbitration"?  Presumably they would have to determine the applicable arbitration rules—whichever those might be. If they disagreed as to whether the applicable rules would permit the disclosure of materials in arbitration, they would then have to ask the Court to make the decision in the arbitrator's stead.

Not only does this procedure place a potentially heavy burden on the Court to conduct discovery outside of the confines of the Federal Rules, but the arbitration provision further states that "[e]ither party may submit a request to the arbitrator to expand the scope of discovery under the applicable Code," along with a fifteen-day objection procedure and subsequent twenty-day decision deadline. Cardholder Agreement, § 31, ECF 52-1 at 13-14 of 23. The scope of "material that would also be disclosed in arbitration" is not, as Plaintiff implies, static—it is entirely subject to the requests of the parties and the discretion of the arbitrator. Plaintiff's proposed procedure creates the prospect of months of *ad hoc* requests to define or expand discovery, governed not by the Federal Rules, but instead by the Court's effort to simulate an arbitration. Thus, Plaintiff's proposal would waste judicial resources, as well as those of the parties.

Simply put, if this dispute proceeds to arbitration, the arbitrator should decide the timing and scope of discovery, pursuant to the applicable arbitral rules. If the dispute stays in federal court, this Court should decide those issues, pursuant to the Federal Rules. Plaintiff's proposal would not serve the interest in swift resolution of the case—the notional justification for refusing a stay. To the contrary, that proposal would prolong the discovery process. While the Court resolves whether to compel arbitration, therefore, it should pause discovery, as courts throughout this circuit routinely do.

DEFENDANTS' REPLY TO JOINT MOTION TO STAY PROCEEDINGS
CASE NO.: 2:21-cv-07401-FLA-AGR

1        For the foregoing reasons, Defendants' Motion to Stay should be granted, and

2   this Court should respectfully stay this case until Defendants' Motion to Compel

3   Arbitration is resolved.

4   Dated: March 18, 2022            Respectfully Submitted,

5

6                           **ROCHE FREEDMAN LLP**

                        */s/ Brianna K. Pierce*

7                           Brianna K. Pierce (CA Bar No. 336906)

8                           Velvel (Devin) Freedman (*pro hac vice*)

                        Constantine P. Economides (*pro hac vice*)

9

10                          *Co-counsel for Defendant JPAY LLC and counsel for Defendant PRAXELL INC.*

11

12                          **SQUIRE PATTON BOGGS (US) LLP**

13                          */s/ Gabriel Colwell*

14                          Gabriel Colwell

                        Keith Bradley (*pro hac vice*)

15

16                          *Co-counsel for Defendant JPAY LLC and counsel for Defendant METROPOLITAN COMMERCIAL BANK*

17

18

19

20                          **<u>ATTESTATION</u>**

21       Pursuant to Local Rule 5-4.3.4(a)(2)(i), I hereby attest that all signatories

22  listed above, and on whose behalf this filing is submitted, concur in the filing's

23  content and have authorized the filing.

24

25  DATED:    March 18, 2022        **ROCHE FREEDMAN LLP**

                        BRIANNA K. PIERCE (CABN 336906)

26                          By:    */s/ Brianna K. Pierce*

27

28

4

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify under penalty of perjury that on March 18, 2022, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which sent notification of such filing to counsel of record.

By:    <u>*/s/ Brianna K. Pierce*</u>

5

DEFENDANTS' REPLY TO JOINT MOTION TO STAY PROCEEDINGS
CASE NO.: 2:21-cv-07401-FLA-AGR