**SQUIRE PATTON BOGGS (US) LLP**
GABRIEL COLWELL (CABN 216783)
 gabriel.colwell@squirepb.com
KEITH BRADLEY (*pro hac vice*)
 keith.bradley@squirepb.com
555 South Flower Street, 31st Floor
Los Angeles, California 90071
Telephone:  (213) 689-5126
Facsimile:   (213) 623-4581

Attorneys for Defendants JPAY LLC (f/k/a
JPay, Inc.) and METROPOLITAN
COMMERCIAL BANK

**FREEDMAN NORMAND FRIEDLAND LLP**
Velvel (Devin) Freedman (*pro hac vice*)
Constantine P. Economides (*pro hac vice*)
1 SE 3rd Avenue, Suite 1240
Miami, Florida 33131
T: (786) 924-2900
F: (646) 392-8842
Emails: vel@fnf.law
   ceconomides@fnf.law

Attorneys for Defendants JPAY LLC (f/k/a
JPay, Inc.) and PRAXELL, INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| ADAM CAIN, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>JPAY, INC.; METROPOLITAN COMMERCIAL BANK; and PRAXELL INC.,<br><br>Defendants. | Case No. 2:21-cv-07401-FLA-AGR<br><br>**DEFENDANTS' RESPONSE TO PLAINTIFF'S STATEMENT OF ADDITIONAL AUTHORITY TO DEFENDANTS' JOINT MOTION TO COMPEL ARBITRATION**<br><br>Hon. Fernando L. Aenlle-Rocha<br>Date:    January 21, 2022<br>Time:    1:30 p.m.<br>Place:   Courtroom 6B, 6th Floor |

SQUIRE PATTON BOGGS (US) LLP
555 S. Flower Street, 31st Floor
Los Angeles, CA 90071

- 1 -

SQUIRE PATTON BOGGS (US) LLP
555 S. Flower Street, 31st Floor
Los Angeles, CA 90071

### DEFENDANTS' RESPONSE TO PLAINTIFF'S
### STATEMENT OF ADDITIONAL AUTHORITY

The Court has before it Defendants' joint motion to compel arbitration of the parties' dispute.  ECF No. 52.  On January 5, 2023, Plaintiff notified the Court of two decisions by the Ninth Circuit that Plaintiff asserted "provide additional support" for Plaintiff's opposition. ECF No. 85.  Defendants JPay LLC and Metropolitan Commercial Bank (collectively "Defendants") respectfully submit this response to Plaintiff's statement.

Plaintiff's first new authority, *Brown v. Stored Value Cards, Inc.*, 2022 WL 17844168 (9th Cir. Dec. 22, 2022) (unpublished), ECF No. 85-1, is inapposite because the cardholder agreement in that case said the cardholder assented solely by accepting the card, such that use of the card would be irrelevant.  ECF No. 85-1, at 4.  By contrast, the cardholder agreement in this case said that "acceptance and/or use" would express assent to the agreement, ECF No. 52-1, Ex. C (cardholder agreement within defendants' motion evidence), and the card itself states plainly that Plaintiff would express assent by "USING THIS CARD," ECF No. 52-1, ¶¶ 11-12.

Plaintiff's second new authority, *Reichert v. Rapid Investments, Inc.*, 2022 WL 17999660 (9th Cir. Dec. 30, 2022), ECF No. 85-2, relies centrally on facts that are different from this case.  "[B]ecause . . . there was no other way to obtain immediate use of his own funds, and because Rapid structured its fees to begin deducting after three days regardless of use, Moyer's decision to withdraw his own money"—at an ATM—"cannot reasonably be understood to manifest assent to the contract."  ECF No. 85-2, at 14.  By contrast, Plaintiff had two clear ways to obtain his funds:  he could withdraw at an ATM without a fee, *see* ECF No. 52-1 at ¶ 19 and Ex. C (fee schedule within the agreement), and he could request a check for seven days without a fee. *Id.* at ¶ 16 and Ex. C.  And, there were no automatic fees

that began three days after issuance.  The first automated fee was thirty days after issuance, ample time for Plaintiff to have obtained his funds without a fee. *Id.* at ¶ 14 and Ex. C. Meanwhile, unlike the *Reichert* plaintiff, Plaintiff here did not withdraw the money.  Instead, his first transaction was an order from "Ink Cards Postagram", an online service that would only accept a card as payment[1]; his second was from an online Social Security card replacement service; and his third was to order pizza.  ECF No. 52-1, Ex. D (Plaintiff's transaction record).  Given the clarity of the communication on the card and in the agreement; the much more extensive opportunity for Plaintiff to have withdrawn the money without detriment; and his choice instead to take advantage of the card for online transactions that could only be carried out by means of a card, this situation is different from *Reichert.*

Dated: January 17, 2023

Respectfully submitted,

SQUIRE PATTON BOGGS (US) LLP

By: /s/ *Gabriel Colwell*
Gabriel Colwell
Attorneys for Defendants
JPAY LLC (f/k/a JPay, Inc.)
and
Metropolitan Commercial Bank

FREEDMAN NORMAND FRIEDLAND LLP
Velvel (Devin) Freedman (*pro hac vice*)
Constantine P. Economides (*pro hac vice*)
Attorneys for Defendant
JPAY LLC (f/k/a JPay, Inc.)

---

[1] The reference to "GOOGLE *TEMPORARY HOLD" in the transaction detail and the "MCC Description" of it as "Computer Software Stores" demonstrate that the transaction was online and required a card to complete. ECF No. 52-1, Ex. D (Plaintiff's transaction record).

SQUIRE PATTON BOGGS (US) LLP
555 S. Flower Street, 31st Floor
Los Angeles, CA 90071

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**SQUIRE PATTON BOGGS (US) LLP**
555 S. Flower Street, 31st Floor
Los Angeles, CA 90071

## <u>**CERTIFICATE OF SERVICE**</u>

I HEREBY CERTIFY that on January 17, 2023, a true and correct copy of the foregoing was served via CM/ECF on all counsel of record.

/s/ *Gabriel Colwell*
Gabriel Colwell

- 3 -