Chris R. Youtz, *Pro Hac Vice*
cyoutz@sylaw.com
SIRIANNI YOUTZ
SPOONEMORE HAMBURGER PLLC
3101 Western Avenue, Suite 350
Seattle, WA 98121
Tel. (206) 223-0303; Fax (206) 223-0246

John Burton (CA Bar No. 86029)
jb@johnburtonlaw.com
THE LAW OFFICES OF JOHN BURTON
The Marine Building
128 North Fair Oaks Avenue
Pasadena, CA 91103
Tel. (626) 449-8300; Fax (626) 449-4417

*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### WESTERN DIVISION

| | |
|---|---|
| ADAM CAIN, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>JPAY, INC.; METROPOLITAN COMMERCIAL BANK; and PRAXELL INC.,<br><br>Defendants. | Case No.: 2:21-cv-07401-FLA-AGR<br><br>**REQUEST FOR DECISION ON DEFENDANTS' MOTION TO COMPEL ARBITRATION (DOCKET NO. 52)**<br><br>Hon. Fernando L. Aenlle-Rocha |

Pursuant to Local Rule L.R. 83-9.2, Plaintiff requests that the Court decide Defendants' Joint Motion to Compel Arbitration of All Claims (Dkt. 52) without further delay.
JOINT REQUEST FOR DECISION-1
Case No.: 2:21cv-07401-FLA-AGR

On November 19, 2021, Defendants jointly filed a motion to compel Plaintiff to arbitrate his claims. Dkt. 52. Plaintiff's opposition to that motion was filed on December 17, 2021. Dkt. 54. Defendants' reply was filed on January 7, 2022. Dkt. 58. On January 18, 2022, the Court determined oral argument was not necessary and ruled Defendants' motion "is taken under submission and the hearing is vacated." Dkt. 64.

L.R. 83-9.1 provides that "[t]he Court shall render and file its decision on motions and non-jury trials within 120 days after the matter is submitted for decision." If a decision is not rendered within that time, "all counsel" are required to file "with the Court a joint request that such decision be made without further delay." L.R. 83-9.2 ("Duty of Counsel").

Although this rule states the request should be made jointly by "all counsel," both counsel for Defendants refuse to join in this request, even though it is their motion seeking relief. They argue that the motion was not "submitted" for decision until January 5, 2023, under L.R. 83-9.1.1(a):

> (a) A motion shall be deemed submitted for decision (i) on the date the Court announces on the record in open court, at the conclusion of the hearing thereon, that the matter is submitted for decision; or (ii) on the date the last memorandum or other document is permitted to be filed. If no oral argument is conducted on the motion, a motion shall be deemed submitted for decision as of the date the last memorandum or other pleading is permitted to be filed.

The last memorandum permitted to be filed on the motion was Defendants' reply brief, filed on January 7, 2022. Dkt. 58. And the Court announced it had taken the motion "under submission" on January 18, 2022. Dkt. 64. 120 days from either of those dates occurred in May 2022.

Defendants argue, however, that the 120-day decision period for the motion began anew on January 5, 2023, when Plaintiff submitted two recently decided Ninth Circuit cases to the Court. Those two decisions affirmed district court cases cited by Plaintiff in its opposition to the motion to compel arbitration that were appealed: *Brown v. Stored Value Cards, Inc.*, 2022 U.S. App. LEXIS 35402 (9th Cir. Dec. 22, 2022) and *Reichert v. Rapid Invs., Inc.*, 56 F.4th 1220 (9th Cir. 2022), issued on December 30, 2022. Copies of those two decisions were provided to the Court in Docket 85.

The Courts of this District chose to establish a timeframe for issuing decisions on motions and selected 120 days as the default time period. The filings referenced in L.R. 83-9.1.1(a) obviously refer to the motion, response, and reply permitted under L.R. 7-4 through L.R. 7-10, that are to be filed by the deadlines under those rules so that the Court has a record to decide the motion within that timeframe. It makes no sense for that self-imposed deadline to change when a party submits copies of recently decided cases or other updated materials. Further, even if the "submission" date is changed by submitting copies of cases to the Court, the spirit

of the rule supports this request to issue a decision without further delay for a motion that was deemed submitted by the Court more than a year ago.

DATED: February 27, 2023.

Respectfully submitted,

SIRIANNI YOUTZ
SPOONEMORE HAMBURGER PLLC

 /s/ Chris R. Youtz
Chris R. Youtz, *Pro Hac Vice*
cyoutz@sylaw.com
Richard E. Spoonemore, *Pro Hac Vice*
rspoonemore@sylaw.com
3101 Western Avenue, Suite 350
Seattle, WA 98121
Tel. (206) 223-0303; Fax (206) 223-0246

THE LAW OFFICES OF JOHN BURTON
John Burton (CA Bar No. 86029)
jb@johnburtonlaw.com
The Marine Building
128 North Fair Oaks Avenue
Pasadena, California 91103
Tel. (626) 449-8300; Fax (626) 449-4417

*Attorneys for Plaintiff*

**Certificate of Service**

I hereby certify under penalty of perjury that on February 27, 2023, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which sent notification of such filing to counsel of record.

   /s/ Chris R. Youtz
Chris R. Youtz, *Pro Hac Vice*
cyoutz@sylaw.com
*Attorneys for Plaintiff*