**SQUIRE PATTON BOGGS (US) LLP**
Gabriel Colwell (CABN 216783)
gabriel.colwell@squirepb.com
Keith Bradley (*pro hac vice*)
keith.bradley@squirepb.com
555 South Flower Street, 31st Floor
Los Angeles, California 90071
Telephone:   (213) 689 5126
Facsimile:    (213) 623 4581

Attorneys for Defendants JPAY LLC (f/k/a
JPay, Inc.) and METROPOLITAN
COMMERCIAL BANK

**FREEDMAN NORMAND FREIDLAND
LLP**
Velvel (Devin) Freedman (*pro hac vice*)
vel@fnf.law
Constantine P. Economides (*pro hac vice*)
ceconomides@fnf.law
1 SE 3rd Avenue, Suite 1240
Miami, Florida 33131
Telephone:   (786) 924-2900
Facsimile:    (646) 392-8842

Attorneys for Defendants JPAY LLC (f/k/a
JPay, Inc.) and PRAXELL, INC.

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| ADAM CAIN, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>JPAY, INC., et al.,<br><br>Defendants. | Case No. 2:21-cv-07401-FLA-AGR<br><br>**DEFENDANTS JPAY LLC, METROPOLITAN COMMERCIAL BANK, AND PRAXELL, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT**<br><br>Hon. Fernando L. Aenlle-Rocha<br><br>Complaint Filed: September 15, 2021 |

SQUIRE PATTON BOGGS (US) LLP
555 South Flower Street, 31st Floor
Los Angeles, California 90071

SQUIRE PATTON BOGGS (US) LLP
555 South Flower Street, 31st Floor
Los Angeles, California 90071

### ANSWER TO COMPLAINT

Defendants JPay LLC, f/k/a JPay, Inc. ("JPay"), Metropolitan Commercial Bank ("MCB"), and Praxell, Inc. ("Praxell") (collectively, "Defendants") hereby answer the Complaint filed by Adam Cain ("Cain" or "Plaintiff") as follows:

### I.   JURISDICTION AND VENUE

1.     To the extent Paragraph 1 contains legal conclusions, Defendants need not respond. Defendants admit that Plaintiff purports to invoke the jurisdiction of this Court by virtue of 28 U.S.C. § 1331.  Except as expressly admitted, Defendants deny the allegations in Paragraph 1.

2.     To the extent Paragraph 2 contains legal conclusions, Defendant need not respond. Defendant admits that Plaintiff purports to invoke the supplemental jurisdiction of this Court by virtue of 28 U.S.C. § 1367.  Except as expressly admitted, Defendants deny the allegations in Paragraph 2.

3.     Defendants admit that Plaintiff alleges that the venue of this Court is proper as described in Paragraph 3 of the Complaint. To the extent the allegations in Paragraph 3 assert legal conclusions, no response is required. Except as expressly admitted, Defendants deny the allegations in Paragraph 3.

### II.   INTRODUCTION

4.     To the extent Paragraph 4 contains legal conclusions, Defendants need not respond. Defendants admit that Plaintiff purports to bring a class action complaint against the named Defendants in this action.   Except as expressly admitted, Defendants deny the allegations in Paragraph 4.  They specifically deny that any of Plaintiff's claims can properly be presented on behalf of a class.

5.     Defendants lack sufficient information or belief to know the practices of all possible jurisdictions in all possible circumstances in which individuals are taken into custody, and accordingly deny this allegation.  Defendants admit that in some facilities, incarcerated individuals may also have money added to their account during detention.  Defendants lack sufficient information or belief to know the

practices and laws regarding all possible jurisdictions and all possible funds that might be added to an incarcerated individual's account, and whether all such funds are required to be provided to the individual upon release.  In addition, there are multiple different release circumstances in which the rules may be different. Accordingly, Defendants deny this allegation.   Defendants admit that, at the time Complaint was filed, some detention facilities required persons being released to receive funds through a prepaid debit card.  Defendants are without knowledge as to whether prisons and jails traditionally would return money to prisoners via cash or check, and therefore deny the same.  Defendants deny the remaining allegations of Paragraph 5.

6.     Defendants are without sufficient knowledge or information to admit or deny the allegations of Paragraph 6, and therefore deny the same.

7.     Defendants admit that they are for-profit businesses.  They deny that they all contract with detention facilities.  Defendants deny the remaining allegations of Paragraph 7.

8.     Defendants deny the allegations of Paragraph 8.

9.     Defendants are without sufficient knowledge or information to admit or deny the allegations of Paragraph 9, and therefore deny the same, except that Defendants admit Plaintiff received a prepaid card upon release from a California correctional facility and that prepaid card had a certain amount of funds loaded on it.

10.     Defendants are without sufficient knowledge or information to admit or deny the allegations of Paragraph 10, and therefore deny them.

11.     To the extent Paragraph 11 contains legal conclusions, Defendants need not respond. To the extent a response is required, Defendants deny the allegations in Paragraph 11.

12.     To the extent Paragraph 12 contains legal conclusions, Defendants need not respond. To the extent a response is required, Defendants deny the allegations in Paragraph 12.

SQUIRE PATTON BOGGS (US) LLP
555 South Flower Street, 31st Floor
Los Angeles, California 90071

SQUIRE PATTON BOGGS (US) LLP
555 South Flower Street, 31st Floor
Los Angeles, California 90071

### III.   PARTIES

13.    Defendants are without sufficient knowledge or information to admit or deny the allegations of Paragraph 13, and therefore deny the same.

14.    This Paragraph is not directed at MCB and Praxell, and therefore no response is required from those Defendants.  JPay admits that it is a subsidiary of Securus Technologies, LLC, incorporated in Delaware with a primary place of business in Miramar, Florida, but JPay denies that its name is JPay, Inc.  JPay admits that it provides services to the correctional industry in over 30 states,  and that it contracted with the California Department of Corrections and Rehabilitation ("CDCR") to provide prepaid cards to individuals released from California's prison facilities, including Chuckawalla Valley State Prison.  Except as expressly admitted, JPay denies the allegations in Paragraph 14.

15.    This Paragraph is not directed at JPay and MCB, and therefore no response is required from those Defendants.  Praxell admits that it provides services to support the debit card program, but denies that it markets the program. Praxell admits that it is incorporated under the laws of Delaware and its principal place of business is New York, New York.  Praxell denies the remainder of the allegations in Paragraph 15.

16.    This Paragraph is not directed at JPay and Praxell, and therefore no response is required from those Defendants.   MCB admits the allegations in Paragraph 16.

### IV.   FACTS

17.    Defendants are without sufficient knowledge or information to admit or deny the allegations of Paragraph 17, and therefore deny the same.

18.    Defendants are without sufficient knowledge or information to admit or deny the allegations of Paragraph 18, and therefore deny the same.

19.     Defendants admit that JPay provides services to incarcerated and released individuals pursuant to a contractual agreement with CDCR beginning in 2014.  Except as expressly admitted, Defendants deny the allegations of Paragraph 19.

20.     Admitted.

21.     Defendants admit that at the time Mr. Cain received a prepaid card upon release from Chuckawalla Valley State Prison, California regulations mandated that the funds provided to an individual upon release must be provided on a prepaid card. Defendants otherwise deny the allegations in Paragraph 21.

22.     To the extent Paragraph 22 contains legal conclusions, Defendants need not respond. To the extent a response is required, Defendants admit that there is a Cardholder Agreement, the content of which speaks for itself, that Mr. Cain received alongside his prepaid card and that is also generally provided to each recipient of a release card. Except as expressly admitted, Defendants deny the allegations in Paragraph 22.

23.     To the extent Paragraph 23 contains legal conclusions, Defendants need not respond. To the extent a response is required, Defendants admit that Mr. Cain did not have the opportunity to negotiate or modify the terms and conditions in the Cardholder Agreement. Except as expressly admitted, Defendants deny the allegations in Paragraph 23.

24.     To the extent Paragraph 24 contains legal conclusions, Defendants need not respond. To the extent a response is required, Defendants deny the allegations in Paragraph 24.

25.     Defendants deny the allegations in Paragraph 25.

26.     To the extent Paragraph 26 contains legal conclusions, Defendants need not respond. To the extent a response is required, Defendants admit that Plaintiff received a debit card with $213.50 on it, and at the beginning of October 2020, he had $4.87 remaining in his account.  Defendants are without sufficient knowledge or

SQUIRE PATTON BOGGS (US) LLP
555 South Flower Street, 31st Floor
Los Angeles, California 90071

information to admit or deny the remaining allegations of Paragraph 26, and therefore deny the same.

## V.    CLASS ACTION ALLEGATIONS

27.    To the extent Paragraph 27 contains legal conclusions, Defendants need not respond. To the extent a response is required, Defendants deny the allegations in Paragraph 27.

28.    To the extent Paragraph 28 contains legal conclusions, Defendants need not respond. To the extent a response is required, Defendants deny the allegations in Paragraph 28.

29.    To the extent Paragraph 29 contains legal conclusions, Defendants need not respond. To the extent a response is required, Defendants deny the allegations in Paragraph 29.

30.    To the extent Paragraph 30 contains legal conclusions, Defendants need not respond. To the extent a response is required, Defendants deny the allegations in Paragraph 30.

31.    To the extent Paragraph 31 contains legal conclusions, Defendants need not respond. To the extent a response is required, Defendants deny the allegations in Paragraph 31.

32.    To the extent Paragraph 32 contains legal conclusions, Defendants need not respond. To the extent a response is required, Defendants deny the allegations in Paragraph 32.

33.    To the extent Paragraph 33 contains legal conclusions, Defendants need not respond. To the extent a response is required, Defendants deny the allegations in Paragraph 33.

SQUIRE PATTON BOGGS (US) LLP
555 South Flower Street, 31st Floor
Los Angeles, California 90071

## VI.   FIRST CAUSE OF ACTION: CLAIM FOR WRONGFUL TAKING UNDER THE FIFTH AMENDMENT TO THE UNITED STATES CONSTITUTION (42 U.S.C. § 1983)

34.     Defendants incorporate by reference their responses to the preceding paragraphs.

35.     To the extent Paragraph 35 contains legal conclusions, Defendants need not respond.  To the extent a response is required, Defendants deny the allegations of Paragraph 35.

36.     To the extent Paragraph 36 contains legal conclusions, Defendants need not respond.  To the extent a response is required, Defendants deny the allegations of Paragraph 36.

37.     To the extent Paragraph 37 contains legal conclusions, Defendants need not respond.  To the extent a response is required, Defendants deny the allegations of Paragraph 37.

38.     To the extent Paragraph 38 contains legal conclusions, Defendants need not respond.  To the extent a response is required, Defendants deny the allegations of Paragraph 38.

39.     To the extent Paragraph 39 contains legal conclusions, Defendants need not respond.  To the extent a response is required, Defendants deny the allegations of Paragraph 39.

40.     To the extent Paragraph 40 contains legal conclusions, Defendants need not respond.  To the extent a response is required, Defendants deny the allegations of Paragraph 40.

41.     To the extent Paragraph 41 contains legal conclusions, Defendants need not respond.  To the extent a response is required, Defendants deny the allegations of Paragraph 41.

SQUIRE PATTON BOGGS (US) LLP
555 South Flower Street, 31st Floor
Los Angeles, California 90071

42. To the extent Paragraph 42 contains legal conclusions, Defendants need not respond. To the extent a response is required, Defendants deny the allegations of Paragraph 42.

43. To the extent Paragraph 43 contains legal conclusions, Defendants need not respond. To the extent a response is required, Defendants deny the allegations of Paragraph 43.

44. To the extent Paragraph 44 contains legal conclusions, Defendants need not respond. To the extent a response is required, Defendants deny the allegations of Paragraph 44.

## VII. SECOND CAUSE OF ACTION: ELECTRONIC TRANSFER FUND ACT

45. Defendants incorporate by reference their responses to the preceding paragraphs.

46. To the extent Paragraph 46 contains legal conclusions, Defendants need not respond. To the extent a response is required, Defendants deny the allegations of Paragraph 46.

47. To the extent Paragraph 47 contains legal conclusions, Defendants need not respond. To the extent a response is required, Defendants deny the allegations of Paragraph 47.

48. To the extent Paragraph 48 contains legal conclusions, Defendants need not respond. To the extent a response is required, Defendants deny the allegations of Paragraph 48.

49. To the extent Paragraph 49 contains legal conclusions, Defendants need not respond. To the extent a response is required, Defendants deny the allegations of Paragraph 49.

50. To the extent Paragraph 50 contains legal conclusions, Defendants need not respond. To the extent a response is required, Defendants deny the allegations of Paragraph 50.

51.     To the extent Paragraph 51 contains legal conclusions, Defendants need not respond.  To the extent a response is required, Defendants deny the allegations of Paragraph 51.

52.     Defendants deny the allegations of Paragraph 52.

53.     To the extent Paragraph 53 contains legal conclusions, Defendants need not respond.  To the extent a response is required, Defendants deny the allegations of Paragraph 53.

54.     To the extent Paragraph 54 contains legal conclusions, Defendants need not respond.  To the extent a response is required, Defendants deny the allegations of Paragraph 54.

55.     To the extent Paragraph 55 contains legal conclusions, Defendants need not respond.  To the extent a response is required, Defendants deny the allegations of Paragraph 55.

56.     To the extent Paragraph 56 contains legal conclusions, Defendants need not respond.  To the extent a response is required, Defendants deny the allegations of Paragraph 56.

57.     To the extent Paragraph 57 contains legal conclusions, Defendants need not respond.  To the extent a response is required, Defendants deny the allegations of Paragraph 57.

## VIII.  THIRD CAUSE OF ACTION: CONVERSION

58.     Defendants incorporate by reference their responses to the preceding paragraphs.

59.     To the extent Paragraph 59 contains legal conclusions, Defendants need not respond.  To the extent a response is required, Defendants deny the allegations of Paragraph 59.

60.     To the extent Paragraph 60 contains legal conclusions, Defendants need not respond.  To the extent a response is required, Defendants deny the allegations of Paragraph 60.

SQUIRE PATTON BOGGS (US) LLP
555 South Flower Street, 31st Floor
Los Angeles, California 90071

61.     To the extent Paragraph 61 contains legal conclusions, Defendants need not respond.  To the extent a response is required, Defendants deny the allegations of Paragraph 61.

62.     To the extent Paragraph 62 contains legal conclusions, Defendants need not respond.  To the extent a response is required, Defendants deny the allegations of Paragraph 62.

63.     To the extent Paragraph 63 contains legal conclusions, Defendants need not respond.  To the extent a response is required, Defendants deny the allegations of Paragraph 63.

64.     To the extent Paragraph 64 contains legal conclusions, Defendants need not respond.  To the extent a response is required, Defendants deny the allegations of Paragraph 64.

65.     To the extent Paragraph 65 contains legal conclusions, Defendants need not respond.  To the extent a response is required, Defendants deny the allegations of Paragraph 65.

66.     To the extent Paragraph 66 contains legal conclusions, Defendants need not respond.  To the extent a response is required, Defendants deny the allegations of Paragraph 66.

67.     To the extent Paragraph 67 contains legal conclusions, Defendants need not respond.  To the extent a response is required, Defendants deny the allegations of Paragraph 67.

68.     To the extent Paragraph 68 contains legal conclusions, Defendants need not respond.  To the extent a response is required, Defendants deny the allegations of Paragraph 68.

69.     To the extent Paragraph 69 contains legal conclusions, Defendants need not respond.  To the extent a response is required, Defendants deny the allegations of Paragraph 69.

SQUIRE PATTON BOGGS (US) LLP
555 South Flower Street, 31st Floor
Los Angeles, California 90071

70.     To the extent Paragraph 70 contains legal conclusions, Defendants need not respond.  To the extent a response is required, Defendants deny the allegations of Paragraph 70.

## IX.     FOURTH CAUSE OF ACTION: UNJUST ENRICHMENT

71.     Defendants incorporate by reference their responses to the preceding paragraphs.

72.     To the extent Paragraph 72 contains legal conclusions, Defendants need not respond.  To the extent a response is required, Defendants deny the allegations of Paragraph 72.

73.     To the extent Paragraph 73 contains legal conclusions, Defendants need not respond.  To the extent a response is required, Defendants deny the allegations of Paragraph 73.

74.     To the extent Paragraph 74 contains legal conclusions, Defendants need not respond.  To the extent a response is required, Defendants deny the allegations of Paragraph 74.

75.     To the extent Paragraph 75 contains legal conclusions, Defendants need not respond.  To the extent a response is required, Defendants deny the allegations of Paragraph 75.

76.     To the extent Paragraph 76 contains legal conclusions, Defendants need not respond.  To the extent a response is required, Defendants deny the allegations of Paragraph 76.

77.     To the extent Paragraph 77 contains legal conclusions, Defendants need not respond.  To the extent a response is required, Defendants deny the allegations of Paragraph 77.

SQUIRE PATTON BOGGS (US) LLP
555 South Flower Street, 31st Floor
Los Angeles, California 90071

## X.   FIFTH CAUSE OF ACTION: CALIFORNIA UNFAIR COMPETITION LAW

78.   Defendants incorporate by reference their responses to the preceding paragraphs.  To the extent Paragraph 78 contains legal conclusions, Defendants need not respond. To the extent a response is required, Defendants deny the allegations in Paragraph 78.

79.   To the extent Paragraph 79 contains legal conclusions, Defendants need not respond.  To the extent a response is required, Defendants deny the allegations of Paragraph 79.

80.   To the extent Paragraph 80 contains legal conclusions, Defendants need not respond.  To the extent a response is required, Defendants deny the allegations of Paragraph 80.

81.   To the extent Paragraph 81 contains legal conclusions, Defendants need not respond.  To the extent a response is required, Defendants deny the allegations of Paragraph 81.

## PLAINTIFF'S PRAYER FOR RELIEF

Plaintiff's prayer for judgment and relief constitutes a series of requests, not any allegations of fact that require a response. To the extent a response is required, Defendants deny that Plaintiff is entitled to judgment or any requested relief.

## DEFENSES

Each defense below is asserted on behalf of each Defendant with respect to each and any member of the putative class to whom it pertains.

## FIRST DEFENSE – FAILURE TO STATE A CLAIM

Plaintiff's Complaint, and each claim therein, fails to state a claim upon which relief can be granted.

## SECOND DEFENSE – BINDING ARBITRATION AGREEMENT

Plaintiff's Complaint, and each claim therein, is subject to and governed by a binding arbitration agreement.  Plaintiff has contractually agreed to arbitrate some or

SQUIRE PATTON BOGGS (US) LLP
555 South Flower Street, 31st Floor
Los Angeles, California 90071

all of his claims against Defendants and has waived any opportunity to participate in class action litigation.

### THIRD DEFENSE – CLASS ACTION WAIVER

Plaintiff's Complaint, and each claim therein, is subject to and barred by an enforceable class action waiver.

### FOURTH DEFENSE – LACK OF STANDING

Plaintiff lacks standing for each of his claims.

### FIFTH DEFENSE – LACK OF PERSONAL JURISDICTION

This Court lacks personal jurisdiction for each Defendant as to the claims of many members of the putative class.

### SIXTH DEFENSE – COMPLIANCE WITH APPLICABLE LAWS, STATUTES, AND REGULATIONS

Plaintiff's claims are barred in whole or in part because of Defendants' good-faith compliance and actions in conformity with all applicable laws, statutes, and regulations.

### SEVENTH DEFENSE – JUSTIFICATION

Plaintiff's claims are barred in whole or in part because all actions taken by Defendants, and each of them, were justified generally and under the circumstances.

### EIGHTH DEFENSE - IMMUNITIES

To the extent applicable to Defendants, Plaintiff's claims are barred by the immunities afforded to the correctional facility in which he was incarcerated, and any and all governmental bodies, entities, or employees with oversight or administrative capacities with respect to that facility, as well as any other facility implicated by Plaintiff's Complaint.  These immunities include, but are not limited to, qualified immunity, official immunity, statutory immunity, and all other immunities provided for by federal or state law.

SQUIRE PATTON BOGGS (US) LLP
555 South Flower Street, 31st Floor
Los Angeles, California 90071

SQUIRE PATTON BOGGS (US) LLP
555 South Flower Street, 31st Floor
Los Angeles, California 90071

## NINTH DEFENSE – DAMAGES LIMITED AND/OR BARRED BY CONTRACT

Plaintiff's claims, as well as remedies and damages sought, are limited and/or barred, in whole or in part, by contract.

## TENTH DEFENSE – NO DAMAGES

Plaintiff has not suffered any cognizable damage or injury as a result of the matters alleged in the Complaint.

## ELEVENTH DEFENSE – FAILURE TO MITIGATE DAMAGES

Plaintiff has failed to take reasonable steps to mitigate his alleged damages.

## TWELFTH DEFENSE – PLAINTIFF'S CONDUCT OR OMISSIONS

Plaintiff's alleged damages were caused, in whole or in part, by his own voluntary conduct or omissions.

## THIRTEENTH DEFENSE – CONDUCT OR OMISSIONS OF THIRD PARTIES

Plaintiff's alleged damages were caused, in whole or in part, by the conduct or omissions of third parties over whom Defendants had no control and for whose conduct or omissions Defendants are not liable.

## FOURTEENTH DEFENSE – LACK OF CAUSATION

Assuming, *arguendo*, that Plaintiff sustained any loss, injury, or damage, either as alleged in the Complaint or at all, such loss, injury or damage is not recoverable from Defendants, and each of them, because any alleged act or omission of Defendants, and each of them, was not the cause thereof.

## FIFTEENTH DEFENSE – SPECULATIVE OR UNCERTAIN DAMAGES

Defendants, and each of them, allege that any recovery sought by Plaintiff in the Complaint is barred because to the extent Plaintiff suffered any damage (which allegation is made for the purpose of this pleading only and shall not constitute an admission), such damage is uncertain and speculative.

SQUIRE PATTON BOGGS (US) LLP
555 South Flower Street, 31st Floor
Los Angeles, California 90071

**SIXTEENTH DEFENSE – ADEQUACY OF REMEDY AT LAW**

Plaintiff's alleged claims for equitable relief fail because Plaintiff has a complete and adequate remedy at law in an action for damages.

**SEVENTEENTH DEFENSE – FAILURE TO MEET REQUIREMENTS OF FED. R. CIV. P. 23**

This action fails to meet the requirements of Fed. R. Civ. P. 23 for certification as a class action.

**EIGHTEENTH DEFENSE – IMPROPER CLASS REPRESENTATIVE**

Plaintiff is not a proper class representative because, *inter alia,* his claims are not typical of class members.

**NINETEENTH DEFENSE – NO ASCERTAINABLE CLASS**

Plaintiff's Complaint does not allege the existence of a readily ascertainable class as required to sustain a class action.

**TWENTIETH DEFENSE – NO COMMUNITY INTEREST**

There is no community interest as required to sustain a class action because individual issues of law and fact predominate.

**TWENTY-FIRST DEFENSE – NOT STATE ACTORS**

Plaintiff's cause of action brought pursuant to 42 U.S.C. § 1983 is barred because Defendants are not state actors and did not act under a state policy.

**TWENTY-SECOND DEFENSE – WAIVER, ESTOPPEL, AND UNCLEAN HANDS**

Plaintiff's claims are barred, in whole or in part, by the doctrine of waiver, estoppel, and unclean hands.

**TWENTY-THIRD DEFENSE – STATUTES OF LIMITATIONS**

Plaintiff's claims, as well as the claims of many members of the putative class, are barred, in whole or in part, by the statutes of limitations applicable to the claims set forth in the Complaint.

## TWENTY-FOURTH DEFENSE – LACHES

Plaintiff's claims are barred by the doctrine of laches.

## TWENTY-FIFTH DEFENSE – NO PUBLIC USE

Plaintiff's takings claim is barred because the property at issue in this litigation was not taken for public use.

## TWENTY-SIXTH DEFENSE – PRIOR RECOVERY

Plaintiff's claims and damages are barred and/or limited, in whole or in part, by his prior recovery of the fees sought in the Complaint.

## TWENTY-SEVENTH DEFENSE – VOLUNTARY PAYMENT DOCTRINE

Plaintiff's claims are barred, in whole or in part, by the voluntary payment doctrine.

## TWENTY-EIGHTH DEFENSE – CONTRIBUTORY OR COMPARATIVE NEGLIGENCE AND/OR FAULT

Plaintiff's claims are barred, in whole or in part and/or reduced by contributory or comparative negligence and contributory or comparative fault.

## TWENTY-NINTH DEFENSE – NO DUTY

Plaintiff failed to plead any cognizable duty owed to Plaintiff by Defendants.

## THIRTIETH DEFENSE – EXPRESS OR IMPLIED CONSENT

Plaintiff's claims are barred, in whole or in part, by consent, express or implied, to the alleged conduct.

## THIRTY-FIRST DEFENSE – RATIFICATION

Plaintiff's claims are barred by the doctrine of ratification.

## THIRTY-SECOND DEFENSE - PREEMPTION

Plaintiff's state law claims are preempted, in whole or in part, by federal law.

## THIRTY-THIRD DEFENSE – DEFENDANTS WERE NOT ISSUERS

Some or all of the Defendants are not "issuers" of cards within the meaning of the Electronic Funds Transfer Act.

SQUIRE PATTON BOGGS (US) LLP
555 South Flower Street, 31st Floor
Los Angeles, California 90071

**THIRTY-FOURTH DEFENSE – THE CARDS WERE NOT "PREPAID"**

The cards at issue in this case are not "prepaid" cards within the meaning of the Electronic Funds Transfer Act.

**THIRTY-FIFTH DEFENSE – RECEIPT OF NOTICE AND REIMBURSEMENT**

Defendants, and each of them, are entitled to an absolute defense to claims under the Electronic Fund Transfer Act by virtue of notice and reimbursement previously provided.

**THIRTY-SIXTH DEFENSE – UNINTENTIONAL, BONA FIDE ERROR**

Defendants, and each of them, are entitled to an absolute defense to claims under the Electronic Fund Transfer Act because any alleged violation was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error.

**THIRTY-SEVENTH DEFENSE – NO RESTITUTION**

Any award of restitution under California Bus. and Prof. Code § 17203 based upon asserted interest or injuries of the purported class members in this case would violate the Excessive Fines Clauses of the Eighth Amendment (as incorporated by the Due Process Clause of the Fourteenth Amended) to the United Stated Constitution and of Article I, Section 17 of the California Constitution.

**THIRTY-EIGHTH DEFENSE – NO §17200 LIABILITY**

Any finding of liability under California Bus. and Prof. Code § 17200 et seq. would violate the Due Process Clause of the Fourteenth Amended to the United States Constitution, and of Article I, Section 7 of the California Constitution, because the standards of liability under these statutes are unduly vague and subjective, and permit retroactive, random, arbitrary, and capricious punishment that serves no legitimate governmental interest.

SQUIRE PATTON BOGGS (US) LLP
555 South Flower Street, 31st Floor
Los Angeles, California 90071

1

### **THIRTY-NINTH DEFENSE – GOOD FAITH CONFORMITY**

Defendants', and each of their, acts or omissions were done in good faith and in conformity with the rules, regulations, and interpretations issued by the Consumer Financial Protection Bureau and/or the Federal Reserve System Board of Governors.

### **RESERVATION OF ADDITIONAL DEFENSES**

Defendants have not yet completed their investigation and discovery, and therefore reserve the right to plead any additional affirmative defenses that may apply.

### **PRAYER FOR RELIEF**

WHEREFORE, Defendants pray for judgment on Plaintiff's Complaint as follows:

1. That Plaintiff's Complaint, and each of the causes of action alleged therein, be denied in their entirety and dismissed with prejudice;

2. That judgment be entered against Plaintiff and in favor of Defendants.

3. That Defendants be awarded all costs and attorneys' fees incurred in connection with the defense of the Complaint to the maximum extent permitted by law; and

4. That Defendants be awarded such other and further relief as the Court may deem just and proper.

SQUIRE PATTON BOGGS (US) LLP
555 South Flower Street, 31st Floor
Los Angeles, California 90071

Dated: March 15, 2023

Respectfully submitted,

SQUIRE PATTON BOGGS (US) LLP


By:  */s/ Gabriel Colwell*
             Gabriel Colwell

Attorneys for Defendants JPAY LLC
(f/k/a JPay, Inc.) and METROPOLITAN
COMMERICAL BANK


FREEDMAN NORMAND
FRIEDLAND LLP


By:  */s/ Velvel (Devin) Freedman*
             Velvel (Devin) Freedman

Attorneys for Defendants JPAY LLC
(f/k/a JPay, Inc.) and PRAXELL, INC.

SQUIRE PATTON BOGGS (US) LLP
555 South Flower Street, 31st Floor
Los Angeles, California 90071

- 19 -

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

SQUIRE PATTON BOGGS (US) LLP
555 South Flower Street, 31st Floor
Los Angeles, California 90071

## **ATTESTATION**

Pursuant to Local Rule 5-4.3.4(a)(2)(i), I hereby attest that all signatories listed above, and on whose behalf this filing is submitted, concur in the filing's content and have authorized the filing.

Dated: March 15, 2023            SQUIRE PATTON BOGGS (US) LLP

By: **/s/ Gabriel Colwell**

Gabriel Colwell

1095837112\2\AMERICAS

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**SQUIRE PATTON BOGGS (US) LLP**
555 South Flower Street, 31st Floor
Los Angeles, California 90071

## <u>**CERTIFICATE OF SERVICE**</u>

I HEREBY CERTIFY that on March 15, 2023, a true and correct copy of the foregoing was served via transmission of Notices of Electronic Filing generated by CM/ECF on all counsel for parties of record.

<u>*/s Gabriel Colwell*</u>
Gabriel Colwell

CASE NO. 2:21-CV-07401-FLA-AGR
DEFENDANTS' ANSWER TO
COMPLAINT
1095837112\2\AMERICAS